**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. LIONEL HARRIS <br><br> Plaintiff, <br><br> v. <br><br> AKUMIN, INC., DELAWARE OPEN MRI, L.L.C., DELAWARE OPEN MRI II, L.L.C., DELAWARE OPEN MRI III, L.L.C., DELAWARE OPEN MRI RADIOLOGY ASSOCIATES, LLC <br><br> Defendants. | Civil Action No. 19-1593-MN |

**STIPULATION OF DISMISSAL**

Subject to the terms and conditions of the Settlement Agreement, attached hereto as Exhibit 1, and pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and 31 U.S.C. § 3730(b)(1), the United States, Relator, and Defendants (collectively, the "Parties") hereby stipulate to a joint dismissal of this action. No Party hereto is an infant or incompetent. As to Relator, the dismissal shall be with prejudice. As to the United States, the dismissal shall be with prejudice only with respect to the Covered Conduct as defined in the Settlement Agreement and without prejudice as to any other claims or conduct.

Respectfully submitted,

| | |
|---|---|
| YOUMAN & CAPUTO | DAVID C. WEISS<br>UNITED STATES ATTORNEY |
| /s/ David J. Caputo<br>David J. Caputo<br>3803 West Chester Pike, Suite 150<br>Newtown Square, PA 19073<br>*Attorney for Relator* | /s/ Dylan J. Steinberg<br>Dylan J. Steinberg<br>Assistant United States Attorney<br>1313 N. Market Street<br>Wilmington, DE 19801<br>*Attorney for the United States of America* |

MCDERMOTT WILL & EMERY

/s/ Laura McLane
Laura McLane
200 Clarendon Street
Floor 58
Boston, MA 02116
*Attorney for Defendants*

**SO ORDERED** this __3rd__ day of __February__, 2021.

_____
The Honorable Maryellen Noreika
United States District Judge

# EXHIBIT 1

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among (a) the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"), (b) Akumin Corp. and Delaware Open MRI Radiology Associates, LLC (together with their respective direct and indirect subsidiaries, affiliates and professional service affiliates, and their respective predecessors and successors, "Akumin"), and (c) Lionel Harris ("Relator" and, together with Akumin and the United States, the "Parties"), through their authorized representatives.

RECITALS

A. Akumin provides and/or provides services to entities that provide diagnostic medical imaging studies in several states including Texas and Delaware.

B. On August 28, 2019, Relator filed a qui tam action in the United States District Court for the District of Delaware captioned *United States ex rel. Harris v. Akumin, Inc., et al.*, Civil Action No. 19-1593-MN, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). In the Civil Action, Relator alleges, *inter alia*, that Akumin provided certain imaging studies without the appropriate level of physician supervision pursuant to 42 C.F.R. § 410.32(b).

C. Akumin has submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll ("Medicare").

D. The United States contends that it has certain civil claims against Akumin arising from Akumin's submission of claims to Medicare for services performed at its sites in Delaware and Texas during the period from January 1, 2015 through December 31, 2020 that were not

1

reasonable and necessary because they were not properly supervised by a physician pursuant to 42 C.F.R. § 410.32(b) and/or lacked evidence of physician supervision.  That conduct is referred to below as the "Covered Conduct."

      E.      This Settlement Agreement is not an admission of facts or liability by Akumin, and Akumin denies the United States' allegations in Paragraph D.   This Settlement Agreement is not a concession by the United States that its claims are not well founded.

      F.      Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.  This Settlement Agreement fully and finally resolves Relator's claim to expenses, attorneys' fees and costs as more fully set forth below.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

      1.      Akumin shall pay:

      (a) to the United States, $749,600.00 (the "Government Settlement Amount"), of which $374,807.63 is restitution, no later than 15 days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the District of Delaware; and

      (b) to Relator, $75,000.00 (the "Relator Settlement Amount") in full satisfaction of Relator's claim for attorney's fees, expenses, and costs, no later than 15 days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions from Relator's counsel.

2. Conditioned upon the United States receiving the Government Settlement Amount and as soon as feasible after receipt, the United States shall pay $134,928.00 to Relator by electronic funds transfer (the "Relator's Share").

3. Subject to the exceptions in Paragraph 5 below, and upon United States' receipt of the Government Settlement Amount, the United States releases Akumin, together with its current and former parent corporations, partnerships, direct and indirect subsidiaries, direct and indirect affiliates including but not limited to professional services affiliates, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

4. Upon United States' receipt of the Government Settlement Amount, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases Akumin together with its current and former parent corporations, partnerships, direct and indirect subsidiaries, direct and indirect affiliates including but not limited to professional services affiliates, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, as well as officers, directors, agents representatives and employees, from any civil monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

5. Notwithstanding the release given in paragraph 3 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.      Any criminal liability;

      c.      Except as explicitly stated in this Agreement, any administrative liability or enforcement right, including mandatory or permissive exclusion from Federal health care programs;

      d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.      Any liability based upon obligations created by this Agreement; and

      f.      Any liability of individuals.

6.      Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).  Conditioned upon Relator's receipt of the Relator's Share, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

7.      Conditioned upon Akumin's full payment of the Relator Settlement Amount, Relator, for himself, and for his heirs, successors, attorneys, agents, and assigns, releases Akumin, and its current and former direct or indirect parent entities, subsidiaries, sister or related companies, direct or indirect affiliates, divisions, officers, directors, agents, representatives, and employees from liability to Relator for any and all claims, demands, causes of action whatsoever that Relator may have or purport to have against Akumin and/or its current and former direct or indirect parent entities, subsidiaries, sister or related companies, direct or indirect affiliates including but not limited to professional services affiliates, divisions, officers, directors, agents,

representatives, and employees, including, without limitation any liability to Relator arising from the filing of the Civil Action, any claims under 31 U.S.C. § 3730(d) or other law for expenses or attorney's fees and costs, and any other claims whatsoever that Relator may purport to have against Akumin and/or its current and former direct or indirect parent entities, subsidiaries, sister or related companies, affiliates, divisions, officers, directors, agents, representatives, and employees under any state, federal, or common law, whether known or unknown, fixed or contingent, in law or in equity, whether on his own behalf or on behalf of another, including but not limited to any liability arising from or relating to the claims Relator asserted or could have asserted in the Civil Action.  For the avoidance of doubt, Relator releases, waives, and forever relinquishes any and all claims that were or could have been asserted in the Civil Action, whether or not included in the Covered Conduct set forth above.

8.     Relator represents and warrants that, while he was represented by multiple lawyers in connection with the Civil Action, the Relator Settlement Amount fully and finally resolves Relator's claim for expenses, attorney's fees, and costs.  To the extent that, notwithstanding this representation, any other person or entity asserts a claim against Akumin for attorneys' fees, costs and expenses relating to the Civil Action, Relator shall indemnify, defend, and hold harmless Akumin with respect to any and all liability and defense costs associated with or incurred in connection with any such claim.

9.     Akumin waives and shall not assert any defenses Akumin may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. Akumin fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Akumin has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

11. Akumin, and its current and former direct or indirect parent entities, subsidiaries, sister or related companies, direct or indirect affiliates, divisions, officers, directors, agents, representatives, and employees, fully and finally release the Relator, his heirs, successors, attorneys, agents, and assigns, from liability for any and all claims, demands, and/or causes of action whatsoever (including attorneys' fees, costs, and expenses of every kind and however denominated) that Akumin and its current and former direct or indirect parent entities, subsidiaries, sister or related companies, direct or indirect affiliates, divisions, officers, directors, agents, representatives, and employees, may have or purport to have against the Relator, including without limitation all claims, demands, and/or causes of action related to the Covered Conduct and/or the allegations in the Civil Action and the Relator's investigation and prosecution thereof (but not including claims arising from the obligations set forth in paragraph 8).

12. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (*e.g.*, Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Akumin agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

13. Akumin agrees to the following:

   a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395lll and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Akumin, its present or former officers, directors, employees, shareholders, and agents in connection with:

   (1) the matters covered by this Agreement;

   (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

   (3) Akumin's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

   (4) the negotiation and performance of this Agreement; and

   (5) the payment Akumin makes to the United States pursuant to this Agreement and any payments that Akumin may make to Relator, including costs and attorneys' fees

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

   b. <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Akumin, and Akumin shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost

7

statement, information statement, or payment request submitted by Akumin or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

          c.        <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Akumin further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Akumin or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Akumin agrees that the United States, at a minimum, shall be entitled to recoup from Akumin any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Akumin or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on Akumin or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

          d.        Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Akumin's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

14. In the event an investigation of individuals and entities not released in this Agreement is conducted, Akumin agrees, upon reasonable notice, to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement as to the Covered Conduct.

15. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 16, below.

16. Akumin agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

17. Upon receipt of the payments described in Paragraph 1, above, the Parties shall, within seven (7) business days, sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). As to Relator, the dismissal shall be with prejudice. As to the United States, the dismissal shall be with prejudice only with respect to the Covered Conduct and without prejudice as to any other claims or conduct.

18. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement, except as set forth in paragraph 1(b) above.

19. Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

20. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Delaware. For purposes of construing this Agreement, this Agreement

shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

21. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

22. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

23. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

24. This Agreement is binding on Akumin's successors, transferees, heirs, and assigns.

25. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

26. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

27. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 1/14/21      BY: _____
                        DYLAN J. STEINBERG
                        Assistant United States Attorney
                        District of Delaware

DATED: 01/22/2021  BY: *Lisa M. Re*
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

## AKUMIN - DEFENDANT

DATED: _____  BY: _____
Riadh Zine
President and CEO

DATED: _____  BY: _____
Laura McLane
Counsel for Akumin Inc.

## DELAWARE OPEN MRI RADIOLOGY ASSOCIATES, LLC – DEFENDANT

DATED: _____  BY: _____
Rohit Navani
Chief Operating Officer

DATED: _____  BY: _____
Laura McLane
Counsel for Delaware Open MRI Radiology Associates, LLC

## LIONEL HARRIS - RELATOR

DATED: _____  BY: _____
Lionel Harris

DATED: _____  BY: _____
David Caputo
Counsel for Lionel Harris

DATED: _____    BY: _____
                        LISA M. RE
                        Assistant Inspector General for Legal Affairs
                        Office of Counsel to the Inspector General
                        Office of Inspector General
                        United States Department of Health and Human Services

## AKUMIN - DEFENDANT

DATED: _____    BY: *[signature]*_____
                        Riadh Zine
                        President and CEO

DATED: _____    BY: _____
                        Laura McLane
                        Counsel for Akumin Inc.

## DELAWARE OPEN MRI RADIOLOGY ASSOCIATES, LLC – DEFENDANT

DATED: _____    BY: *[signature]*_____
                        Rohit Navani
                        Chief Operating Officer

DATED: _____    BY: _____
                        Laura McLane
                        Counsel for Delaware Open MRI Radiology Associates, LLC

## LIONEL HARRIS - RELATOR

DATED: _____    BY: _____
                        Lionel Harris

DATED: _____    BY: _____
                        David Caputo
                        Counsel for Lionel Harris

| | | |
|---|---|---|
| DATED: _____ | BY: | _____ |
| | | LISA M. RE |
| | | Assistant Inspector General for Legal Affairs |
| | | Office of Counsel to the Inspector General |
| | | Office of Inspector General |
| | | United States Department of Health and Human Services |

**AKUMIN - DEFENDANT**

| | | |
|---|---|---|
| DATED: _____ | BY: | _____ |
| | | Riadh Zine |
| | | President and CEO |
| DATED: 1/13/2021 | BY: | */s/ Laura McLane* |
| | | Laura McLane |
| | | Counsel for Akumin Inc. |

**DELAWARE OPEN MRI RADIOLOGY ASSOCIATES, LLC – DEFENDANT**

| | | |
|---|---|---|
| DATED: _____ | BY: | _____ |
| | | Rohit Navani |
| | | Chief Operating Officer |
| DATED: 1/13/2021 | BY: | */s/ Laura McLane* |
| | | Laura McLane |
| | | Counsel for Delaware Open MRI Radiology Associates, LLC |

**LIONEL HARRIS - RELATOR**

| | | |
|---|---|---|
| DATED: _____ | BY: | _____ |
| | | Lionel Harris |
| DATED: _____ | BY: | _____ |
| | | David Caputo |
| | | Counsel for Lionel Harris |

11

DATED: _____   BY:   _____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

**AKUMIN - DEFENDANT**

DATED: _____   BY:   _____
Riadh Zine
President and CEO

DATED: _____   BY:   _____
Laura McLane
Counsel for Akumin Inc.

**DELAWARE OPEN MRI RADIOLOGY ASSOCIATES, LLC – DEFENDANT**

DATED: _____   BY:   _____
Rohit Navani
Chief Operating Officer

DATED: _____   BY:   _____
Laura McLane
Counsel for Delaware Open MRI Radiology Associates, LLC

**LIONEL HARRIS - RELATOR**

DATED: 1/14/21   BY:   _____
Lionel Harris

DATED: 1/14/2021   BY:   _____
David Caputo
Counsel for Lionel Harris

11